IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUATECH INTERNATIONAL CORPORATION, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>H₂O APPLIED TECHNOLOGIES, )<br>)<br>Defendant. ) | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, Aquatech International Corporation ("AIC"), by its counsel, Schnader Harrison Segal & Lewis LLP, and hereby files this Complaint for Declaratory Judgment and in support thereof, states as follows:

### Parties

1. Plaintiff, AIC, is a Pennsylvania corporation with its principal place of business at One Four Coins Drive, Canonsburg, Pennsylvania 15317.

2. Defendant, H₂O Applied Technologies ("H₂O"), is a Massachusetts limited liability company with its principal place of business at 150 Federal Street, Boston Massachusetts 02110.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a), Plaintiff seeks a declaration regarding the Plaintiff's and the Defendant's (collectively, the "Parties") obligations under the terms of certain contracts entered into for the design and supply of water treatment systems for two (2) Naval Air Stations located in Sigonella, Italy. Specifically, Plaintiff seeks an order directing that any disputes between the Parties arising out of or related to these two (2) contracts must be arbitrated in Pittsburgh, Pennsylvania under Pennsylvania law pursuant to the terms of the contracts and in accordance with the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* and the Pennsylvania Arbitration Act, 42 Pa. C.S.A. §7301, *et seq.*

## Background

6. In or about January 2004, $H_2O$ was awarded a subcontract by Select Energy Services, Inc. ("SESI") to replace aging and inefficient water treatment equipment with new water treatment plants to supply a certain quantity and quality of water for two (2) United States Naval Stations ("NAS-1" and "NAS-2") located in Sigonella, Italy (the "Project").

7. In connection with the SESI contract, $H_2O$ entered into contractual agreements with AIC memorialized by proposals and purchase orders whereby AIC would design and supply water treatment systems for installation at NAS-1 and NAS-2.

8. As part of the contracts for the Project, AIC submitted two (2) detailed Proposals (one for NAS-1 and one for NAS-2) to $H_2O$ which set forth the terms and conditions of the Parties' agreement. The Proposals were accepted by $H_2O$ by the issuance of two (2) Purchase Orders. Each Proposal (both of which are voluminous) contains information specific to the

2

location and project at issue; however, the general terms and conditions of both Proposals (set forth in Section III of the Proposals) are identical. Due to the voluminous nature of the rest of the Proposals, none of which is relevant to the issues at hand, the entire Proposals are not being attached to this Complaint for Declaratory Judgment. Instead, attached hereto as "Exhibit A" and incorporated herein by reference is a true and correct copy of Section III of the Proposals.

9. Section III, paragraph 13.0 of the Proposals provides:

> Both parties agree to resolve all disputes mutually. However, if after reasonable effort by both parties, arbitration is requested by either party, then arbitration shall be according to the Federal Mediation and Conciliation board in Pittsburgh, Pennsylvania.

Further, Section III, paragraph 14.0 of the Proposals provides that "[t]his contract is to be interpreted according to the laws of the state of Pennsylvania." *See* Exhibit A, Section III, pp. 2-3.

10. In accordance with the terms of the contracts, AIC designed and supplied water treatment systems to $H_2O$ for installation at NAS-1 and NAS-2. Following the installation of the systems, $H_2O$ began to experience certain problems with both systems for which it blamed AIC. Pursuant to its warranty obligations under the terms of the contracts, AIC provided new equipment and additional technical support to $H_2O$ in order to correct the problems.

11. In April 2006, $H_2O$ sent AIC a detailed letter describing its potential claims against AIC for AIC's alleged wrongdoings in connection with the design and supply of the systems. AIC responded to the letter, both on a legal and a technical basis.

12. For several months, the Parties discussed their differences. $H_2O$ asserts that AIC was negligent in its design of the two (2) water treatment systems and that it breached its obligations under the terms of the contracts. AIC asserts that $H_2O$ failed to install, operate and document the functioning of the systems properly, thereby voiding the warranties contained in

3

the contracts. Further, AIC asserts that it went beyond its warranty responsibilities to assist $H_2O$ with its installation and operating difficulties resulting in damages to AIC.

13. Although efforts have been made to resolve the differences, the Parties have not been able to reach agreement. Hence, on or about January 29, 2007, counsel for $H_2O$ provided counsel for AIC with a draft complaint that $H_2O$ indicated it may file in the federal court in Massachusetts. The draft complaint contains, *inter alia,* claims against AIC under Massachusetts law.

14. Following receipt of the draft complaint, AIC advised $H_2O$ that, under the mandatory arbitration provision in the contracts, any disputes between the Parties must be arbitrated in a proper forum in Pittsburgh, Pennsylvania. Further, AIC indicated that, if claims are filed against each other, AIC wants such claims arbitrated in Pittsburgh in accordance with said provision. However, notwithstanding the mandatory arbitration provision contained in the contracts between the Parties, $H_2O$ has indicated that it believes that the arbitration provision is optional and that it is not required to abide by said provision; instead, it may proceed with filing its complaint seeking relief under Massachusetts law in the federal court in Massachusetts.

15. The arbitration and choice of law provisions contained in the contracts at issue clearly show that the Parties intend to arbitrate any disputes in Pittsburgh, Pennsylvania and to apply Pennsylvania law. However, the forum chosen -- the Federal Mediation and Conciliation Board -- is not a proper forum for this type of dispute. The Federal Mediation and Conciliation Board handles labor disputes between unions and companies and not commercial disputes like in the instant action. Notwithstanding the selection of an improper forum, it is clear that the Parties intend to arbitrate any disputes in Pittsburgh, Pennsylvania and not litigate disputes in courts in Massachusetts.

4

16. Even if the arbitration provision is deemed to be optional (and is only to be invoked if one of the Parties requests arbitration), AIC has requested that any disputes be arbitrated in Pittsburgh, Pennsylvania and $H_2O$ has not agreed to adhere to that request.

17. Because the forum identified in the arbitration provision of the contracts is improper, a claim for arbitration cannot be filed with the American Arbitration Association or any other similar agency or organization unless $H_2O$ agrees. Further, a private arbitration cannot be commenced unless $H_2O$ agrees. To this date, $H_2O$ has not agreed to arbitrate in a proper forum and, instead, continues to threaten to commence suit under Massachusetts law in the federal court of Massachusetts.

## COUNT I

### (Claim for Declaratory Judgment)

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. Notwithstanding the express language of the contracts at issue, and the clear intent of the Parties to arbitrate any disputes in Pittsburgh, Pennsylvania and to apply Pennsylvania law to such disputes, Defendant has indicated that it is not required to arbitrate in a proper forum in Pittsburgh, Pennsylvania and, instead, may file a complaint with respect to the disputes arising out of the contracts between the Parties in the federal court in Massachusetts .

20. If Defendant is permitted to proceed with the filing of an action in the court in Massachusetts, Plaintiff will be required to expend considerable time and expense defending such an action and seeking to have the action dismissed and/or stayed pending arbitration in Pittsburgh, Pennsylvania.

21.  It is more efficient and less costly for this Court to issue an Order directing that any dispute between the Parties arising out of and in connection with the contracts at issue must be arbitrated in a proper forum (American Arbitration Association, a similar agency or organization, or by a private arbitrator) in Pittsburgh, Pennsylvania in accordance with the terms of the contracts.

### Request for Relief

22.  Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, Plaintiff seeks the following relief:

   (a)  a declaration that any dispute between the Parties arising in connection with the contracts between the Parties and the design and supply of the water treatment systems for the Project must be arbitrated in a proper forum in Pittsburgh, Pennsylvania in accordance with Section III, paragraph 13.0 of the Proposals;

   (b)  a declaration that any dispute arising in connection with the contracts between the Parties and the design and supply of the water treatment systems for the Project must be decided under Pennsylvania law in accordance with Section III, paragraph 14.0 of the Proposals;

   (c)  fees and costs associated with bringing this action ; and

   (d)  such other relief as this Court deems appropriate.

WHEREFORE, Plaintiff, Aquatech International Corporation, respectfully requests that this Honorable Court find in favor of Plaintiff and against Defendant, H$_2$O Applied Technologies, and grant Plaintiff's requested relief.

February 1, 2007                     Respectfully submitted,

                                     SCHNADER HARRISON SEGAL & LEWIS LLP


                                     By:     /s/ Judith F. Olson
                                         Judith F. Olson
                                         Pa. Id. No.  37476
                                         Jennifer A. Callery
                                         Pa. Id. No.  91421

                                     2700 Fifth Avenue Place
                                     120 Fifth Avenue
                                     Pittsburgh, PA  15222
                                     (412) 577-5200

                                     *Counsel for Plaintiff, Aquatech International Corporation*

7